**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4503**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DERRICK THOMAS, a/k/a Derrick Ballafonte, a/k/a Alton
Dawkins,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:08-cr-00121-MR-1)

─────────────

Submitted:  April 13, 2010           Decided:  May 17, 2010

─────────────

Before MOTZ, KING, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Dennis Gibson, Asheville, North Carolina, for Appellant. Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Thomas appeals the district court's judgment entered pursuant to his guilty plea to unauthorized reentry of a removed alien previously convicted of an aggravated felony offense, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Counsel for Thomas filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks the court to review whether counsel was ineffective at sentencing and whether the district judge exhibited bias in sentencing. Thomas has filed a pro se supplemental brief raising these same issues. Finding no error, we affirm.

Thomas contends that counsel was ineffective at sentencing. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We have reviewed the record and conclude that Thomas has failed to meet the high burden necessary to advance an ineffective assistance claim on direct appeal.

Next, Thomas asserts that the judge was biased at sentencing because he failed to adequately consider Thomas's sentencing arguments. Our review discloses no bias. The district judge made no comment that would suggest "an apparent

2

disposition toward a party that is wrongful or inappropriate." United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995). The fact that the court ruled against Thomas with respect to a sentencing matter does not demonstrate bias. See Liteky v. United States, 510 U.S. 540, 555 (1994).

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. As we have already conducted the necessary independent review of the record, we deny Thomas's pending motion for an independent examination as moot. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED